ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 NOV -9  PM 1:08

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ANDREW J. GONZALEZ, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:12-cv-553-A |
| CONTINENTAL SERVICE GROUP, INC. DBA CONSERVE, | § § § § | |
| Defendant. | § | |

## JOINT STATUS REPORT

TO THE HONORABLE JUDGE OF THIS COURT:

The parties hereby make this Joint Status Report pursuant to the previous orders of the court.

The parties conducted a face-to-face conference of the type contemplated by Rule 26(f) of the Federal Rules of Civil Procedure on October 31, 2012 in Fort Worth, Texas. The individuals attending the conference were Andrew J. Gonzalez, Plaintiff Pro Se and Keith Wier, attorney for the Defendant Continental Service Group Inc. d/b/a Conserve.

Meaningful progress toward settlement has not been made. The prospects for settlement at this time are unknown.

**(1)  A BRIEF STATEMENT OF THE NATURE OF THE CASE, INCLUDING THE CONTENTIONS OF THE PARTIES**

**Plaintiff's Contentions**

Plaintiff alleges that on three separate occasions Defendant contacted credit reporting agencies and requested and received Plaintiff's credit report. The Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681b defines the permissible purposes for which a

person may obtain a consumer credit report. Plaintiff alleges that Defendant did not have Plaintiff's consent or a permissible purpose to obtain Plaintiff's credit report. Plaintiff alleges that the actions of Defendant obtaining Plaintiff's credit report without Plaintiff's consent or a permissible purpose was a willful violation of the FCRA. As a result of said conduct by Defendant, Plaintiff claims to have been damaged. In the alternative, Plaintiff claims that Defendant obtaining Plaintiff's credit report without Plaintiff's consent or a permissible purpose was a negligent violation of the FCRA. As a result of said conduct by Defendant, Plaintiff claims to have been damaged.

**Defendant's Contentions**

Defendant denies Plaintiff's allegations in their entirety and denies violations of any federal statutes. Defendant accordingly contends that Plaintiff was not injured or damaged. Defendant is a debt collection company. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor ("Plaintiff's Account"). Plaintiff's account was placed with Defendant for collection and Defendant took actions in an attempt to collect the account. If Defendant obtained Plaintiff's credit report, which Defendant denies, under the terms as defined in The Fair Credit Reporting Act, 15 U.S.C. § 1681b, Defendant would have a permissible purpose to obtain the credit report. There was no violation of the FCRA. Further, any award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America.

(2) **ANY CHALLENGE TO JURISDICTION OR VENUE**

None at this time.

(3) **ANY PENDING MOTIONS**

None at this time.

(4)   **ANY MATTERS THAT REQUIRE CONFERENCE WITH THE COURT**

None at this time.

(5)   **LIKELIHOOD THAT OTHER PARTIES WILL BE JOINED, IDENTITIES OF POTENTIAL PARTIES AND AN ESTIMATE OF THE TIME NEEDED FOR JOINDER OF SUCH PARTIES**

The parties do not anticipate that any additional parties will be joined.

(6)   **REQUESTED TRIAL DATE, ESTIMATED LENGTH OF TRIAL, AND WHETHER JURY HAS BEEN DEMANDED**

Requested Trial date:      September, 2013;

Estimated length of Trial:   one day;

Plaintiff has made a jury demand.

(7)   **A REPORT CONCERNING THE SETTLEMENT CONFERENCE AND RELATED SETTLEMENT MATTERS**

The parties intend to engage in good faith settlement, but have not yet been able to schedule a face-to-face settlement conference. The parties agree to schedule the settlement conference as soon as possible.

(8)   **A DISCOVERY PLAN AS CONTEMPLATED BY RULE 26(F)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Both parties will serve their initial disclosure by November 14, 2012.

Discovery will be conducted on Plaintiff's account and Defendant's practices and procedures in credit reporting on Plaintiff's account, as well as all other relevant information pertaining to Plaintiff's claims and Defendants defenses.

Proposed deadline for completion of discovery: April 30, 2013.

At this time, there are no issues about disclosure or discovery of electronically stored information.

**(9) ANY OTHER MATTERS RELEVANT TO THE STATUS AND DISPOSITION OF THIS CASE**

At this time, the parties are unaware of any other matters relevant to the status and disposition of this case.

Respectfully submitted this 5th day of November, 2012.

By: _____
KEITH WIER
Texas State Bar # 21436100
Attorney in Charge for Defendant
Bush & Ramirez, L.L.C.
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Phone: (713) 626-1555
Facsimile: (713) 626-8077

By: _____
ANDREW J. GONZALEZ
Plaintiff Pro Se
6015 Siltstone Lane
Apartment# 1224
Ft. Worth, Texas 76137
Telephone: 817-975-5655

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to Plaintiff by facsimile and/or by certified mail, return receipt requested on the 5th day of November, 2012, as follows:

*Via CMRRR# 7010 2780 0002 0702 2606*
Andrew J. Gonzalez
Plaintiff Pro Se
6015 Siltstone Lane
Apartment# 1224
Ft. Worth, Texas 76137

_____
Keith Wier