ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 NOV 14 PM 1: 12

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANDREW J. GONZALEZ )
    *Plaintiff.* )
                                              )    CIVIL ACTION NO. 4-12CV-553-A
v. )
                                              )
PAMELA BAIRD )
    *Defendant.* )
                                              )
CONTINENTAL SERVICE )
GROUP INC. DBA CONSERVE )
    *Defendant.* )    TRIAL BY JURY DEMANDED
                                              )

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff ANDREW J GONZALEZ requests permission to amend First Amended Complaint, which was filed on September 19, 2012. The Second Amended Complaint (**see Exhibit A**) joins Pamela Baird, General Counsel for Continental Service Group, Inc. d/b/a Conserve and Continental Service Group, Inc. d/b/a Conserve for violations of Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. that occurred on August 2, 2012.

1. On August 7, 2012 the Plaintiff filed the Original Complaint naming CONTINENTAL SERVICE GROUP INC. DBA CONSERVE (herein after "CONSERVE") as Defendant for violations of The Fair Credit Reporting Act, 15 U.S.C. §1681b(f).

2. On August 2, 2012, Plaintiff received a response from CONSERVE in the form of a letter from Pamela Baird which states she was General Counsel for CONSERVE.

3. In the letter dated August 2, 2012 by Pamela Baird and CONSERVE, the letter stated "THIS COMMUNICATION IS FROM A DEBT COLLECOTR AND IS AN ATTEMPT TO COLLECT A DEBT."

4. On August 9, 2012, I received an email correspondence from Pamela Baird who is General Counsel for CONSERVE stating that the alleged account had been closed with CONSERVE and returned to the alleged creditor.

5. Based on a non-existent alleged debt, Pamela Baird, General Counsel and CONSERVE knew that Plaintiff did not owe any money to CONSERVE and still attempted to collect on a non-existent debt.

6. Under Fed. R. Civ. P. 15, the court should "freely give leave to amend when justice so requires".

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant leave to allow Plaintiff to file his Second Amended Complaint.

Dated: November 14, 2012

Respectfully Submitted,

Andrew J. Gonzalez
6015 Siltstone Lane
Apt# 1224
Fort Worth, TX 76137
(817) 975-5655
gonandrew@yahoo.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDREW J. GONZALEZ<br>    *Plaintiff.*<br>v.<br><br>PAMELA BAIRD<br>    *Defendant.*<br><br>CONTINENTAL SERVICE<br>GROUP INC. DBA CONSERVE<br>    *Defendant.* | CIVIL ACTION NO. 4-12CV-553-A<br><br><br><br><br><br><br><br>TRIAL BY JURY DEMANDED |

**SECOND AMENDED COMPLAINT**
**FOR VIOLATIONS OF THE FCRA AND FDCPA**

**NATURE OF ACTION**

1. This is an action for damages brought by an individual Plaintiff for Defendant's violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and The Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. (hereinafter "FCRA).

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and FCRA.

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is ANDREW J. GONZALEZ, a natural person, who resides in the State of Texas, in the County of Tarrant, and City of Fort Worth.

4. Defendant PAMELA BAIRD, (hereinafter "BAIRD"), is General Counsel at CONTINENTAL SERVICE GROUP INC. DBA CONSERVE with offices at 200 Cross Keys Office Park, Fairpoint, New York 14450.

5. The Defendant in this lawsuit is CONTINENTAL SERVICE GROUP INC. DBA CONSERVE (herein after "CONSERVE") a debt collection company with offices at 200 Cross Keys Office Park, Fairpoint, New York 14450.

## VENUE

6. The occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

7. Venue is proper in the Northern District of Texas.

## FACTUAL ALLEGATIONS

8. Plaintiff individually, hereby sues Defendant CONSERVE for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq*.

9. On June 1, 2010 Defendant CONSERVE had initiated a hard pull on Experian consumer report without permissible purpose, said action damaged Plaintiff by reducing consumer credit score.

10. Based on information and belief, Defendant CONSERVE did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from Experian on June 1,

2010. Therefore, Defendant's request, acquisition and use of Plaintiff's consumer report was in violation of the Fair Credit Reporting Act, 15 U.S.C 15 § 1681b(f).

11. On June 04, 2010 Defendant CONSERVE had initiated a hard pull on TransUnion consumer report without permissible purpose, said action damaged Plaintiff by reducing consumer credit score.

12. Based on information and belief, Defendant CONSERVE did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from TransUnion on June 04, 2010. Therefore, Defendant's request, acquisition and use of Plaintiff's consumer report was in violation of the Fair Credit Reporting Act, 15 U.S.C 15 § 1681b(f).

13. On July 13, 2010 Defendant CONSERVE had initiated a credit pull on TransUnion consumer report without permissible purpose.

14. Based on information and belief, Defendant CONSERVE did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from TransUnion on July 13, 2010. Therefore, Defendant's request, acquisition and use of Plaintiff's consumer report was in violation of the Fair Credit Reporting Act, 15 U.S.C 15 § 1681b(f).

15. At no time did Plaintiff ever have a relationship of any kind with Defendant CONSERVE as defined within The Fair Credit Reporting Act 15 U.S.C. § 1681b(3)(A)-(F).

16. Defendant's failure to comply with the Fair Credit Reporting Act when it requested, obtained and used Plaintiff's consumer report on June 1, 2010 was willful, as contemplated under 15 U.S.C. § 1681n under the Fair Credit Reporting Act. As a result of said conduct by Defendant, Plaintiff has been damaged.

17. In the alternative, Defendant's failure to comply with the Fair Credit Reporting Act when it requested, obtained and used Plaintiff's consumer report on June 1, 2010 was negligent, as contemplated under 15 U.S.C. § 1681o under the Fair Credit Reporting Act. As a result of said conduct by Defendant, Plaintiff has been damaged.

18. Defendant's failure to comply with the Fair Credit Reporting Act when it requested, obtained and used Plaintiff's consumer report on June 04, 2010 and July 13, 2010 was willful, as contemplated under 15 U.S.C. § 1681n under the Fair Credit Reporting Act. As a result of said conduct by Defendant, Plaintiff has been damaged.

19. In the alternative, Defendant's failure to comply with the Fair Credit Reporting Act when it requested, obtained and used Plaintiff's consumer report on June 04, 2010 and July 13, 2010 was negligent, as contemplated under 15 U.S.C. § 1681o under the Fair Credit Reporting Act. As a result of said conduct by Defendant, Plaintiff has been damaged.

20. Discovery of CONSERVE violation of Fair Credit Reporting Act 15 U.S.C § 1681b(f) occurred in July 2012 and is within the statues of limitations as defined by The Fair Credit Reporting Act 15 U.S.C § 1681p.

21. On July 27, 2012 Plaintiff sent a notice of the violation to CONSERVE by United States Postal Service certified mail #7011 3500 0001 0069 1215 with return receipt. This was in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's consumer report on June 1, 2010 before taking civil action against Defendant.

22. On or about August 4, 2012, Plaintiff received a letter in response to Lawful Notice of Federal Statute violations from Defendant Pamela Baird on behalf of CONTINENTAL SERVICE GROUP INC. DBA CONSERVE dated August 2, 2012.

23. In the letter dated August 2, 2012 by Pamela Baird and CONSERVE, the letter stated "This communication is from a debt collector and is an attempt to collect a debt".

24. The communication by Pamela Baird on behalf of CONSERVE in the letter dated August 2, 2012 did not state the amount of the debt as well as the Plaintiff's right to dispute the debt within 30 days and his right to have verification mailed to him all of which are in violation of 15 U.S.C. § 1692g.

25. On August 9, 2012, I received an email correspondence from Pamela Baird who is General Counsel for CONSERVE stating that the alleged account had been closed with CONSERVE.

26. Based on a non-existent alleged debt, Pamela Baird, General Counsel and CONSERVE knew that Plaintiff did not owe any money to CONSERVE and still attempted to collect on a non-existent debt.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT CONTINENTAL SERVICE GROUP INC. DBA CONSERVE

27. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

28. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

29. Experian is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

30. CONSERVE is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

31. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

32. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

33. The actions of Defendant obtaining the Experian consumer report on June 1, 2010, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

34. At no time has the Defendant CONSERVE ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

35. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

36. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CONSERVE for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT CONTINENTAL SERVICE GROUP INC. DBA CONSERVE.**

37. Paragraphs 1 through 36 are re-alleged as though fully set forth herein.

38. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

39. Experian is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

40. CONSERVE is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

41. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

42. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

43. The actions of Defendant obtaining the Experian consumer report on June 1, 2010, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

44. At no time has CONSERVE ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

45. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CONSERVE for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT CONTINENTAL SERVICE GROUP INC. DBA CONSERVE

46. Paragraphs 1 through 45 are re-alleged as though fully set forth herein.

47. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

48. TransUnion is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

49. CONSERVE is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

50. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

51. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

52. The actions of Defendant obtaining the TransUnion consumer report on June 04, 2010, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

53. At no time has the Defendant CONSERVE ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

54. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

55. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CONSERVE for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT CONTINENTAL SERVICE GROUP INC. DBA CONSERVE.

56. Paragraphs 1 through 55 are re-alleged as though fully set forth herein.

57. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

58. TransUnion is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

59. CONSERVE is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

60. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

61. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

62. The actions of Defendant obtaining the TransUnion consumer report on June 04, 2010, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent

violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

63. At no time has CONSERVE ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

64. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CONSERVE for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT CONTINENTAL SERVICE GROUP INC. DBA CONSERVE

65. Paragraphs 1 through 64 are re-alleged as though fully set forth herein.

66. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

67. TransUnion is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

68. CONSERVE is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

69. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

70. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

71. The actions of Defendant obtaining the TransUnion consumer report on July 13, 2010, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

72. At no time has the Defendant CONSERVE ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

73. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

74. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CONSERVE for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VI

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT CONTINENTAL SERVICE GROUP INC. DBA CONSERVE.**

75. Paragraphs 1 through 74 are re-alleged as though fully set forth herein.

76. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

77. TransUnion is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

78. CONSERVE is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

79. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

80. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

81. The actions of Defendant obtaining the TransUnion consumer report on July 13, 2010, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

82. At no time has CONSERVE ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

83. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CONSERVE for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT VII

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, 1692g AND 1692f BY DEFENDANT PAMELA BAIRD AND CONTINENTAL SERVICE GROUP INC. DBA CONSERVE.

84. Paragraphs 1 through 83 are re-alleged as though fully set forth herein.

85. Defendant's aforementioned conduct violated the Fair Debt Collection Practices Act (hereinafter "FDCPA").

86. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

87. CONSERVE is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692(6).

88. PAMELA BAIRD is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

89. Defendants CONSERVE and Pamela Baird, General Counsel blatantly violated 15 U.S.C. § 1692g in multiple ways by making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

90. Pamela Baird, General Counsel on behalf of CONSERVE did not have any right to collect on the alleged debt and is a violation of 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10) as well as 15 U.S.C. § 1692f being a false and misleading representation and an unfair practice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: November 14, 2012

Respectfully Submitted,

_____
Andrew J. Gonzalez
6015 Siltstone Lane
Apt#1224
Fort Worth, Texas 76137
(817) 975-5655
gonandrew@yahoo.com

## CERTIFICATE OF CONFERENCE

On November 14th, 2012, Plaintiff ANDREW J. GONZALEZ conferred with Keith Wier, counsel for Defendant CONTINENTAL SERVICE GROUP, INC. D/B/A CONSERVE. and is opposed to Motion to Leave to File Second Amended Complaint.

United States Certified Mail # 7012 2210 0002 4049 9704

Keith Wier; SBN: 21436100
Fed. ID No. 7930
BUSH & RAMIREZ, L.L.C.
5615 Kirby Dr., Suite 900
Houston, Texas 77005
ATTORNEY FOR DEFENDANT
CONTINENTAL SERVICE GROUP INC.
D/B/A CONSERVE

_____
ANDREW J. GONZALEZ, Plaintiff, pro se
6015 Siltstone Lane
Apt# 1224
Fort Worth, TX 76137
(817) 975-5655
gonandrew@yahoo.com