

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANDREW J. GONZALEZ,            §
                               §
          Plaintiff,           §
                               §
VS.                            §   NO. 4:12-CV-553-A
                               §
CONTINENTAL SERVICE GROUP, INC. §
DBA CONSERVE,                  §
                               §
          Defendant.           §


MEMORANDUM OPINION
and
ORDER

     Came on for consideration the motion of defendant,

Continental Service Group, Inc. d/b/a Conserve, for summary

judgment as to all claims and causes of action brought against it

by plaintiff, Andrew J. Gonzalez.  Defendant also filed a

supplement to its motion for summary judgment.  Plaintiff filed a

response, and defendant filed a reply.[1]  Having now considered

all of the parties' filings,[2] the summary judgment record, and

---

[1]Plaintiff's response was titled "Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment," and defendant's reply was titled "Response to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment."

[2]Plaintiff also filed a motion to strike the affidavit of Mary Kay Holleran, included as part of defendant's supplement to the summary judgment motion.  Rather than rule on the motion, the court will give the affidavit whatever weight and consideration it deserves.  Plaintiff also filed a motion to file sur-reply, which the court denied. Plaintiff then filed a motion for the court to take judicial notice of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(3)(A).  Such a motion is unnecessary for the court to consider the statute on which a cause of action is based.  However, to the extent plaintiff is attempting to use the motion for judicial notice to make the arguments set forth in his proposed sur-reply, the motion for judicial notice is denied.

the applicable legal authorities, the court concludes that the
motion for summary judgment should be granted.

I.

## Plaintiff's Claims and the Summary Judgment Motion

Plaintiff filed his amended complaint on September 19, 2012,
alleging violations by defendant of the Fair Credit Reporting
Act, 15 U.S.C. § 1681b(f) ("FCRA").  The following factual
allegations in the amended complaint are undisputed:[3]

On June 1, 2010, defendant obtained plaintiff's consumer
credit report from Experian, a consumer reporting agency. On June
4 and July 13, 2010, defendant obtained plaintiff's consumer
credit report from another consumer reporting agency, TransUnion.
At no time has plaintiff had any relationship with defendant.

Plaintiff alleged that defendant willfully and negligently
failed to comply with the FCRA when it obtained his credit report
on June 1, June 4, and July 13, 2010, for a total of six claims
against defendant.

In the motion, defendant argues that it is entitled to
summary judgment on all of plaintiff's claims because it obtained
his credit report a permissible purpose under the FCRA:
collecting a debt.

---

[3]Only the factual allegations in the complaint, as opposed to plaintiff's legal conclusions, are
undisputed.

II.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324.  See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

3

as to each essential element of the nonmoving party's case, there
is no genuine dispute for trial and summary judgment is
appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 587, 597 (1986).

## III.

## Analysis

The only issue before the court for resolution in this
action is whether defendant had a "permissible purpose" for
obtaining plaintiff's credit report.  Under the FCRA, a debt
collector or collection agency may access a consumer's credit
report only for a permissible purpose.  One such permissible
purpose occurs when a debt collector "intends to use the
information in connection with a credit transaction involving the
consumer on whom the information is to be furnished and involving
the . . . review or collection of an account of, the consumer."
15 U.S.C. § 1681b(a)(3)(A).  See also Norman v. Northland Group,
Inc., 495 F. App'x 425 (5th Cir. 2012).  Defendant contends it
obtained plaintiff's credit report for the purpose of collecting
a debt as authorized by § 1681b(a)(3)(A).

Defendant relies on two pieces of evidence to establish that
it obtained plaintiff's credit report for the permissible purpose
of collecting a debt.  One is a letter dated May 23, 2012, from
defendant to plaintiff; the letter appears to be in response to a

letter defendant received from plaintiff questioning the reason defendant obtained plaintiff's credit report.   Listed near the top of the letter are: defendant's account number; the notation "RE: NTNL COLLEGIATE TRST"; a client account number; and, a balance amount.   The letter informs plaintiff that defendant obtained plaintiff's credit report pursuant to 15 U.S.C. § 1681b for the collection of a debt.

Defendant also relies on the affidavit of Mary Kay Holleran ("Holleran"), defendant's Director of Operations Services. Holleran avers that plaintiff's account was placed for collection with defendant by First Marblehead Education Resources, Inc.,[4] and that the only contact defendant had with any credit reporting agency was in its attempts to collect the debt.

In his response, plaintiff does not dispute that attempting to collect a debt is a "permissible purpose" under the FCRA. Rather, plaintiff takes issue with the evidence on which defendant relies to support its claim of having such a permissible purpose.   Plaintiff objects that there was "no account on [his] consumer credit reports" which defendant could have been attempting to collect, nor did defendant have a

---

[4]Although the letter and the affidavit each appear to name a different entity for whom defendant was engaged in debt collection services, the court concludes that the difference does not amount to a genuine issue of material fact.  Whatever the relationship between the two entities, or absent any relationship, the documents show that defendant was attempting to collect a debt from plaintiff.

"collection account listed" on plaintiff's credit report. Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Resp.") at 7. Plaintiff also objects that defendant failed to provide, along with the letter and Holleran affidavit, any verification of the "type of account or obligation," or "who the alleged original creditor is, or any other identifying information regarding any alleged account" which defendant could have been attempting to collect. Id. at 8.

Plaintiff's objections appear to confuse the issue. Defendant does not contend that plaintiff had an account with defendant that it was trying to collect, nor does defendant claim it was attempting to collect an account that was listed on plaintiff's credit report. Rather, defendant maintains that an outside entity placed plaintiff's account with it for collection, and defendant obtained plaintiff's credit report to assist it in collecting that debt, not in collecting its own debt from plaintiff. As the court recently explained in dismissing a similar FCRA complaint filed by this plaintiff, "[t]here is no requirement under FCRA that a consumer establish an account with a debt collector for the debt collector to obtain a consumer credit report for collection purposes." Gonzalez v. Midland Funding, LLC, No. 4:13-CV-50-A, 2013 WL 1291802 at *6 (N.D. Tex. Mar. 29, 2013).

6

Similarly, plaintiff also appears to confuse the concept of proving up an account--which he claims requires verification of the type of account or obligation, or the name of the original creditor or other identifying information--with proving that defendant had a permissible purpose under the FCRA.  Plaintiff has directed the court to no authority supporting his contention that defendant must "prove up" an account in order to establish that it had a permissible purpose under the FCRA, nor has the court's research uncovered any such authority.

The court also notes that the affidavit submitted by plaintiff in support of his response does not directly controvert defendant's summary judgment evidence or the existence of the account defendant contends it is attempting to collect.  Rather, the affidavit is comprised primarily of legal conclusions and other generalized assertions, some of which ignore evidence in the summary judgment record.  For example, plaintiff avers that he is not "in receipt of anything, nor is there anything on the record made," that shows defendant obtained his credit report "to assess or evaluate any account" relating to plaintiff.  Pl.'s Resp., Ex. A., ¶ 1.  The affidavit further states that plaintiff is not "in receipt of anything, nor is there anything on the record made," that shows any account of plaintiff's with a balance due that could be assessed, evaluated, or collected by

7

defendant.  <u>Id.</u> at ¶ 3.  These statements ignore defendant's summary judgment evidence showing otherwise.  Stating one's disagreement with the movant's evidence, or ignoring it altogether, does not create a triable issue of fact.

Elsewhere in the affidavit, plaintiff makes the legal conclusion that he "is not in receipt of anything, nor is there anything on the record made," that shows defendant had a permissible purpose to obtain his credit report.  Pl.'s Resp., Ex. A., ¶¶ 2, 4.  An affidavit containing legal conclusions is insufficient to defeat summary judgment.  <u>Clark v. Am.'s Favorite Chicken Co.</u>, 110 F.3d 295, 297 (5th Cir. 1997).  The affidavit fails to controvert defendant's summary judgment evidence and nothing therein is sufficient to create a genuine issue of material fact.  Accordingly, the court concludes that defendant has established that it had a permissible purpose under the FCRA to obtain plaintiff's credit report.  Having a permissible purpose to obtain plaintiff's credit report, there can be no violation of the FCRA.

IV.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and

8

causes of action asserted by plaintiff, Andrew J. Gonzalez,

against defendant, Continental Service Group, Inc. d/b/a

Conserve, be, and are hereby, dismissed with prejudice.

     SIGNED July 2 3, 2013.

                             JOHN McBRYDE
                             United States District Judge